**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26875-BLOOM**

JASON P. DE GOUVEIA,

Petitioner,

v.

WARDEN, Krome North Processing Center; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; MATTHEW ELLISTON, Field Office Director, United States Immigration and Customs Enforcement, Miami Field Office, Enforcement and Removal Operations; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD BLANCHE, Attorney General of the United States; DAVID J. VENTURELLA, Acting Director, United States Immigration and Customs Enforcement,

Respondents.
_______________________________________________/

**ORDER ON HABEAS PETITION**

**THIS CAUSE** is before the Court upon Petitioner Jason P. De Gouveia's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner alleges that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. *Id*. The Court issued an Order to Show Cause. ECF No. [4]. Respondents filed a Response, ECF No. [7], and Petitioner filed a Reply, ECF No. [9]. The Court has considered the Petition, the supporting and opposing submissions, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the Petition is denied.

**I. FACTUAL BACKGROUND**

Petitioner is a dual citizen of South Africa and Portugal. ECF No. [1] ¶ 5. On November 4, 2025, Petitioner was admitted to the United States under the Visa Waiver Program ("VWP") with

authorization to remain until February 1, 2026. *Id.* ¶ 14. On January 16, 2026, Petitioner married Tiffany N. Shepard, a United States citizen, in Broward County, Florida. *Id.* ¶ 15.

On February 9, 2026, Petitioner's spouse filed a Petition for Alien Relative (Form I-130) with United States Citizenship and Immigration Services ("USCIS"), seeking to reclassify Petitioner as the spouse of a United States citizen pursuant to section 201(b) of the Immigration and Nationality Act ("INA"). *Id.* ¶ 16. The petition is currently pending before USCIS. *Id.*

On May 14, 2026, Petitioner filed an Application to Register Permanent Residence or Adjust Status (Form I-485) with USCIS, seeking to adjust his status to that of a lawful permanent residence pursuant to section 245(a) of the INA. *Id.* ¶ 17. The application is currently pending before USCIS. *Id.*

On September 11, 2026, ICE officers detained Petitioner at the Fort Lauderdale-Hollywood International Airport following a domestic-airport encounter. *Id.* ¶ 19. Upon information and belief, ICE did not possess an administrative warrant authorizing Petitioner's arrest before taking him into custody. *Id.* ¶ 20.[1] There were no exigent circumstances establishing that Petitioner was likely to escape before a warrant could be obtained. *Id.* ¶ 21. That day, Petitioner was given notice that he remained in the United States longer than permitted and that the Government was seeking a final order of removal. ECF No. [7-2]. Petitioner indicated that he "wish[ed] to contest removability" and that he "contest[s] the allegations and charge(s) in this Notice of Intent" based on "advice of my attorney." *Id.* However, while the Form 71-058 asked Petitioner whether he wished to request asylum, he did not indicate in the Form 71-058 that he wished to request asylum, leaving that portion of the Form blank. *Id.*

[1] Respondents frame the arrest as follows: "ICE ERO conducted an immigration record check, determined Petitioner was a VWP overstay, issued a warrant for Petitioner's arrest, and took Petitioner into custody." ECF No. [7] at 2.

On September 11, 2026, the day of Petitioner's arrest, ICE Enforcement and Removal Operations ("ERO") issued Petitioner a Notice of Intent to Issue a Final Administrative Order, charging Petitioner with inadmissibility pursuant to INA § 237(a)(1)(B), in that after admission as a nonimmigrant under § 101(a)(15) of the Act, Petitioner remained in the United States for a longer time than permitted. ECF No. [7-2]. That same day, Petitioner was also served with a Final Administrative Removal Order finding Petitioner to be a VWP violator. ECF No. [7-5]. Respondents assert that Petitioner has not sought any appeal or stay of this final order. ECF No. [7] at 3.

From September 11, 2026 to approximately September 23, 2026, Petitioner was detained at ICE's facility in Miramar, Florida. ECF No. [1] ¶ 22. Petitioner has remained in ICE custody since September 11, 2026 and is presently confined at Krome North Service Processing Center. *Id.* ¶ 23.

Petitioner filed the Petition on September 30, 2026, asserting two claims for relief: Unlawful Warrantless Arrest and Detention (Count I) and Visa Waiver Program Unlawful Detention (Count II). *See generally id*. Respondents argue that Petitioner is subject to a final order of removal and therefore is properly detained under 8 U.S.C. § 1231, that habeas is not a vehicle to address defects in an initial arrest, and that any defects in the initial arrest are immaterial. ECF No. [7]. Petitioner replies that the Court can still consider defects in his initial arrest and the proper statutory basis for his detention. ECF No. [8].

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who

demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

As an initial matter, the Supreme Court has clearly stated the following: "A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and *if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment*." *Yordi v. Nolte*, 215 U.S. 227, 232–33 (1909) (emphasis added and citations omitted). Thus, if Respondents can show a lawful basis for Petitioner's present detention, defects in his arrest are immaterial. *See also Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026) ("habeas is not a vehicle to address defects in an initial arrest; it exists to assess whether a current detention is unlawful." (citation omitted)); *Acosta Gonzalez v. Noem*, No. 26-60781-CIV, 2026 WL 1077836, at *4 (S.D. Fla. Apr. 20, 2026) ("In other words, if the government has lawful grounds to detain Petitioner pending his removal, he is not entitled to habeas relief based on a defective arrest." (citing A.*E. v. Powell*, 2026 WL 782294, at *3 (N.D. Ala. Mar. 19, 2026)).

Here, Respondents contend that Petitioner is detained under 8 U.S.C. § 1231, "as he is subject to a final order of removal which permits his detention without bond." ECF No. [7] at 1. The Court agrees with this conclusion. A final order of removal has been issued in Petitioner's case, and the Eleventh Circuit has indicated that § 1231 supplies statutory authority for detention after the issuance of a final order of removal. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1263 (11th Cir. 2026) ("an alien may be detained and held upon the

issuance of a final order of removal, pending the execution of the order and the return of the alien to his country of origin or a different country as provided by the statute."). The order of removal states that it is final with limited exceptions—namely, "unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removing is pending before the Department of Justice, Executive Officer for Immigration Review." ECF No. [7-5]. Petitioner does not assert that any of these limited exceptions apply. Accordingly, he is subject to a final order of removal and therefore permitted to be detained under § 1231.

The only question, then, is whether Petitioner's current detention runs afoul of the parameters on § 1231 detentions set by the Supreme Court in *Zadvydas*. But a *Zadvydas* claim requires that Petitioner's detention exceed the presumptively reasonable six-month period; indeed, the Eleventh Circuit has held that the six-month period "must have expired at the time [the petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Here, at the time his Petition was filed, Petitioner had been detained for 19 days. ECF No. [1] ¶ 23. Thus, his detention does not violate *Zadvydas*.[2]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DENIED**.
2. The Clerk of Court shall **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all

---

[2] It is true that, in certain circumstances, immigration detention without adherence to mandatory statutory or regulatory triggers can render a detention unlawful. *See, e.g.*, *Pacheco Estrada v. Mullin*, No. 3:26-CV-2866-MMH-PDB, 2026 WL 3512904, at *3 (M.D. Fla. Nov. 16, 2026). But cases finding release warranted in those circumstances generally operate on the premise that the triggers are essential to the legitimacy of the *current* basis for detention. Here, where the detention current operates under § 1231, any arrest defects relevant to a § 1226(a) detention are immaterial.

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 20, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov